Decided Feb. 20, 2001.

Herman APPEL, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–70211.

I & NS No. A36–073–268.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2001.[1]

Decided Feb. 20, 2001.

Before LEAVY, TROTT, and SILVERMAN, Circuit Judges.

ORDER **

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before PREGERSON, CANBY, and THOMPSON, Circuit Judges.

### MEMORANDUM [2]

Herman Appel, a native and citizen of Austria, petitions for review of the decision of the Board of Immigration Appeals dismissing his appeal of the immigration judge's order finding him removable as charged. The IJ determined that Appel was removable pursuant to INA §§ 237(a)(2)(A)(iii) [3] and 237(a)(2)(B)(i) [4] because of his June 1992 convictions for possession of cocaine, sale or transportation of cocaine, and conspiracy to sell cocaine in violation of California Health and Safety Code §§ 11351 and 11352(a). On appeal, the BIA found that Appel was statutorily ineligible for a waiver of inadmissibility pursuant to INA § 212(c) because the availability of such relief was removed by section 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA).

INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) provides: "Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in ... section 237(a)(2)(A)(iii), (B), (C) or (D) [8 U.S.C.A. § 1227(a)(2)(A)(iii), (B), (C), or (D) ]...." [5] We have jurisdiction to determine whether Appel has committed a deportable offense, but we must dismiss his petition for lack of jurisdiction if we conclude that he has. *Flores–Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir.2000). Because we conclude that Appel committed offenses covered in INA §§ 237(a)(2)(A)(iii) and 237(a)(2)(B), we dismiss his petition for review.

We note that in *Flores–Miramontes*, we held that even though IIRIRA removed our jurisdiction to consider petitions for review on direct appeal, IIRIRA's permanent rules did not repeal the statutory habeas corpus remedy available via 28 U.S.C. § 2241. *Flores–Miramontes*, 212 F.3d at 1136–38. The scope of habeas review under § 2241 extends to both the constitutional and statutory questions. *Id.* Therefore, Appel may raise his claims in a habeas petition filed with the district court.

### PETITION DISMISSED.

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

3. INA § 237(a)(2)(A)(iii) provides that "Any alien ... in and admitted to the United States, shall ... be removed if the alien ... is convicted of an aggravated felony at any time after admission...."

4. INA § 237(a)(2)(B)(i) provides that "Any alien ... in and admitted to the United States,

shall ... be removed if the alien ... has been convicted of a violation (or a conspiracy or attempt to violate) of any law or regulation of a State ... relating to a controlled substance...."

5. The permanent rules of IIRIRA apply to this case because the INS initiated removal proceedings against Appel after April 1, 1997. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997).

## ORDER

The mandate in this case shall be held until the Supreme Court decides *St. Cyr v. INS,* 229 F.3d 406 (2nd Cir.2000), *cert. granted,* 531 U.S. 1107, 121 S.Ct. 848, 148 L.Ed.2d 733 (2001); *Calcano–Martinez v. INS,* 232 F.3d 328 (2nd Cir.2000), *cert. granted,* 531 U.S. 1108, 121 S.Ct. 849, 148 L.Ed.2d 733 (2001).